Citation Nr: 1305219 
Decision Date: 02/13/13 Archive Date: 02/21/13

DOCKET NO. 09-21 852 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Entitlement to service connection for a low back disability, to include as secondary to service-connected disability. 

2. Entitlement to service connection for a bilateral foot disability, to include as secondary to service-connected disability. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Debbie A. Breitbeil, Counsel


INTRODUCTION

The Veteran, who is the appellant, served on active duty from November 1976 to November 1980. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in November 2008 of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington. The claims file was subsequently transferred to the Los Angeles, California RO, which currently has jurisdiction of the case. 

In July 2012, the Veteran testified at a video conference hearing conducted by the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the claims file. 

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, DC. 


REMAND

The Veteran has asserted that he has low back and feet disabilities that are related to his service-connected left knee disability. It is noted that during the pendency of the appeal, the RO in a March 2009 rating decision granted service connection for a right knee disability as secondary to the left knee disability. Thus, service connection has been established for both knees. Among other things, the Veteran testified that he currently received treatment at the VA outpatient clinic. The most recent VA treatment records in the file are dated in April 2009. The RO should obtain the Veteran's updated VA outpatient records. 

A preliminary review of the claims file shows that service treatment records are negative for any complaints, treatment, or diagnosis of a low back disability or a bilateral foot disability. VA and private treatment records show a diagnosis of lumbago in December 2000, a complaint of foot pain in June 2007, a diagnosis of low back pain in January 2008 and April 2008, a diagnosis of left plantar fasciitis in June 2008, a diagnosis of back strain in July 2008, and a diagnosis of bilateral plantar fasciitis in September 20008 and November 2008.

During his hearing, the Veteran testified as to his belief that his knee problems caused his back and foot problems. He noted that his back condition and his feet started to bother him shortly after his knee problem developed. This suggests that the back and feet problems may be related to the knee problems.

The Veteran has not been afforded a VA examination to ascertain the etiology of his low back and feet disabilities, and under the duty to assist, the RO should schedule him for an examination and obtain the necessary medical opinion. 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The RO sent the Veteran a VCAA letter in August 2008, relating to his claims of secondary service connection for disabilities of the low back and feet; the VCAA letter did not notify him of the evidence or information that is necessary to substantiate his claims of service connection on a direct basis. While it is not clear whether the Veteran is asserting that his disabilities are directly related to service, the RO has adjudicated his claims of service connection on both a direct and secondary basis, and at his hearing the Veteran indicated that his low back and feet problems began "shortly after" his left knee injury in service. Therefore, a VCAA letter addressing direct service connection is required. 

Accordingly, the case is REMANDED for the following action:

1. Send a VCAA letter to the Veteran, notifying him of the evidence and information necessary to substantiate his claims of service connection for a low back disability and a bilateral foot disability on a direct basis. 

2. Obtain all VA outpatient records pertaining to treatment of the Veteran's low back and feet dated from April 2009. 

3. Schedule the Veteran for a VA orthopedic examination to determine whether it is at least as likely as not (50 percent probability or more) that any currently diagnosed low back disabilities and bilateral foot disabilities are either related to his period of service from November 1976 to November 1980, or caused by or aggravated by his service-connected knee disabilities. The claims folder should be made available to the examiner for review.

The examiner is asked to consider, and comment where necessary, on the following: service treatment records are negative for any complaints, treatment, or diagnosis of a low back disability or a bilateral foot disability; VA and private treatment records show a diagnosis of lumbago in December 2000, a complaint of foot pain in June 2007, a diagnosis of low back pain in January 2008 and April 2008, a diagnosis of left plantar fasciitis in June 2008, a diagnosis of back strain in July 2008, and a diagnosis of bilateral plantar fasciitis in September 20008 and November 2008; and the Veteran testified to the effect that his low back and bilateral foot problems began "shortly after" his left knee injury in service. 

In formulating the opinion, the term "aggravation" means a permanent increase in the underlying disability, that is, an irreversible worsening of low back and bilateral foot disabilities beyond the natural clinical course and character of the conditions due to service-connected disability (bilateral knee disabilities) as contrasted to a temporary worsening of symptoms. 

If the examiner feels that the requested opinion cannot be rendered without resorting to speculation, the examiner should state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e., no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e., additional facts are required, or the examiner does not have the needed knowledge or training). 

All opinions expressed must be supported by complete rationale.

4. After the above development is completed, adjudicate the claims of entitlement to service connection for a low back disability and a bilateral foot disability, to include as secondary to service-connected left knee disability. If any benefits sought remain denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be 
handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the Veteran's appeal. 38 C.F.R. § 20.1100(b) (2011).